UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES

v.                                      Case No. 8:03-CR-227-T-23TBM

DARIAN TENSLEY
_____/

O R D E R

This cause is before the Court based on the remand of the Eleventh Circuit Court of Appeals.

By way of background, on September 27, 2010, Defendant filed a "Motion to Compel Performance of Plea Agreement" (Cr-D-87), in which Defendant claimed that the career offender enhancement applied by the Court at sentencing violated the terms of Defendant's plea agreement.  By order dated October 14, 2010, the Court found that Defendant's motion constituted a successive motion pursuant to 28 U.S.C. § 2255.  (Cr-D- 90.) The Court further found that as Defendant had not applied for and received permission from the Eleventh Circuit before filing his motion, this Court lacked jurisdiction to consider Defendant's claim.  The Court found, in the alternative, that even if Defendant's motion did not constitute a successive § 2255 motion, there was no breach of the plea agreement.

On November 5, 2010, Defendant filed a "Motion to Reconsider the Changing 'Motion to Compel' to a 28 U.S.C. §

2255" (Cr-D-92). Defendant asserted that the Court erred in construing his September 27, 2010 motion as a successive § 2255 motion. By order dated November 10, 2010, the Court reconsidered its October 14, 2010 order and declined to amend the order in any respect. (D-93.)

On November 22, 2010, Defendant filed a Notice of Appeal of the order denying his motion for reconsideration. (D-94.)

The Eleventh Circuit remanded the case for the Court to construe the notice of appeal as a motion for certificate of appealability and consider whether a certificate is appropriate for any of the issues Tensely seeks to raise on appeal. (D-102.)

Title 28, United States Code, Section 2253(c)(2) provides:

> A certificate of appealability may issue under paragraph (1) **only if** the applicant has made a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253(c)(2).

To make a showing a substantial showing of the denial of a constitutional right where the district court has rejected the defendant's claims on the merits, the defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting

Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Where the district court dismissed the claims on procedural grounds, the defendant must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Upon review, the Court finds that Defendant has failed to make the requisite showing. Specifically, he has failed to show that jurists of reason would find that the Court was incorrect in its procedural rulings. Therefore, the construed application for a certificate of appealability is denied.

It is therefore ORDERED that:

1) Defendant's Construed Motion for Certificate of Appealability (D-103) is DENIED.

DONE AND ORDERED at Tampa, Florida this 2nd day of June, 2011.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT